PD-1661-14

NO. _____

| | | |
|---|---|---|
| MARCO POLO MEDINA-GONZALEZ | § § § | IN THE COURT OF |
| VS. | § § | CRIMINAL APPEALS |
| STATE OF TEXAS | § | OF TEXAS |

*denied*
*PC*
*12-30-14*

*See Ex parte*
*Johnson*
*12 S.W.3d 472*

## SUPPLEMENTAL MOTION TO EXTEND TIME TO FILE PETITION FOR DISCRETIONARY REVIEW

**TO THE HONORABLE JUDGES OF SAID COURT:**

Now comes Marco Polo Medina-Gonzalez, Appellant by and through undersigned Appellate Counsel in the above styled and numbered cause, and moves for an extension of time of 90 days or sufficient time as described herein below to file a petition for discretionary review, and for good cause shows the following:

1. On Monday, December 22, 2014, Appellate Counsel learned that Medina filed an application for writ of habeas corpus under Art. 11.07.

2. The Honorable 54th District Court has designated as issue number one Appellant's allegation of ineffective assistance of counsel by Appellate Counsel.

3. Appellate Counsel has been ordered to provide a responsive brief on or before January 21, 2015 and the Court will render an order on or before February 4, 2015.

4. Appellate Counsel submits that the above mentioned matter should be

resolved before the deadline of filing the PDR.

5. Appellate Counsel is uncertain of the customary timeframe for this Honorable Court to consider said matters once findings are received from the Honorable 54th District Court.

6. Appellate Counsel requests that the Court a sufficient period for the Habeas matter to be resolved and requests said period to be at least 90 days as previously requested.

## PRAYER

WHEREFORE PREMISES CONSIDERED, MARCO POLO MEDINA-GONZALEZ prays that the Court will grant a continuance for a period of at least 90 days but sufficient enough that the Habeas matter may be resolved before the date of submission.

Respectfully submitted,

Law Office of Denton B. Lessman
100 N. 6th Street, Ste. 702
Waco, TX 76701
Tel: (254) 776-4544
Fax: (254) 776-4551

Digitally signed by Denton B. Lessman
DN: cn=Denton B. Lessman, o=Law Office of Denton B. Lessman, ou, email=DLessmanAtty@aol.com, c=US
Date: 2014.12.22 19:02:24 -06'00'

By:_____
Denton B. Lessman
State Bar No. 24042474
DLessmanAtty@aol.com
Attorney for Marco Polo Medina-Gonzalez

## CERTIFICATE OF SERVICE

This is to certify that on December 22, 2014, a true and correct copy of the above and foregoing document was served on the District Attorney's Office, McLennan County, Texas, by electronic service through the Electronic Filing Manager.

Digitally signed by Denton B. Lessman
DN: cn=Denton B. Lessman, o=Law Office of Denton B. Lessman, ou, email=DLessmanAtty@aol.com, c=US
Date: 2014.12.22 19:02:37 -06'00'

_____
Denton B. Lessman

Case No. 2012-2077-C2A

(The Clerk of the convicting court will fill this line in.)

FILED
2014 DEC 11 AM 8:35
KAREN C. MATKIN
DISTRICT CLERK
McLENNAN CO, TX
DEPUTY
Crystal Howard

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## APPLICATION FOR A WRIT OF HABEAS CORPUS
### SEEKING RELIEF FROM FINAL FELONY CONVICTION
### UNDER CODE OF CRIMINAL PROCEDURE, ARTICLE 11.07

NAME: Marco Polo Medina Gonzalez

DATE OF BIRTH: February 11, 1983

PLACE OF CONFINEMENT: James V. Allred Unit

TDCJ-CID NUMBER: 1407021     SID NUMBER: _____

(1)     This application concerns (check all that apply):

☑ a conviction            ☐ parole

☑ a sentence              ☐ mandatory supervision

☐ time credit             ☐ out-of-time appeal or petition for discretionary review

(2)     What district court entered the judgment of the conviction you want relief from? (Include the court number and county.)

The 54th District Court of McLennan County

(3)     What was the case number in the trial court?

No, 2012 - 2077-CR

(4)     What was the name of the trial judge?

Matt Johnson

Effective: January 1, 2014          1



Rev. 01/14/14

(5) Were you represented by counsel? If yes, provide the attorney's name:

_Deacon Denny B. Lessman_

(6) What was the date that the judgment was entered?

_October 30, 2013_

(7) For what offense were you convicted and what was the sentence?

_aggravated Kidnapping and 80 year sentence_

(8) If you were sentenced on more than one count of an indictment in the same court at the same time, what counts were you convicted of and what was the sentence in each count?

_____

_____

(9) What was the plea you entered? (Check one.)

☐ guilty-open plea     ☐ guilty-plea bargain
☑ not guilty     ☐ *nolo contendere*/no contest

If you entered different pleas to counts in a multi-count indictment, please explain:

_____

_____

(10) What kind of trial did you have?

☐ no jury     ☑ jury for guilt and punishment
                  ☐ jury for guilt, judge for punishment

2

Rev. 01/14/14

(11)  Did you testify at trial? If yes, at what phase of the trial did you testify?

_____ N/A _____

(12)  Did you appeal from the judgment of conviction?

☑ yes                    ☐ no

If you did appeal, answer the following questions:

(A)  What court of appeals did you appeal to?   Tenth Court of Appeals

(B)  What was the case number?   No. 10-13-00394 - CR

(C)  Were you represented by counsel on appeal? If yes, provide the attorney's name:

_____ Denton  Denny B. Lessman _____

(D)  What was the decision and the date of the decision?   _____

(13)  Did you file a petition for discretionary review in the Court of Criminal Appeals?

☐ yes                    ☑ no

If you did file a petition for discretionary review, answer the following questions:

(A)  What was the case number?   _____

(B)  What was the decision and the date of the decision?   _____

(14)  Have you previously filed an application for a writ of habeas corpus under Article 11.07 of the Texas Code of Criminal Procedure challenging *this conviction*?

☐ yes                    ☑ no

If you answered yes, answer the following questions:

(A)  What was the Court of Criminal Appeals' writ number?   _____

3

Rev. 01/14/14

(B) What was the decision and the date of the decision? _____

(C) Please identify the reason that the current claims were not presented and could not have been presented on your previous application.

_____

_____

_____

_____

(15) Do you currently have any petition or appeal pending in any other state or federal court?

☐ yes                              ☐ no

If you answered yes, please provide the name of the court and the case number:

_____

(16) If you are presenting a claim for time credit, have you exhausted your administrative remedies by presenting your claim to the time credit resolution system of the Texas Department of Criminal Justice? (This requirement applies to any final felony conviction, including state jail felonies)

☐ yes                              ☐ no

If you answered yes, answer the following questions:

(A) What date did you present the claim? _____

(B) Did you receive a decision and, if yes, what was the date of the decision?

_____

If you answered no, please explain why you have not submitted your claim:

4

Rev. 01/14/14

_____

_____

_____

_____

_____

(17) Beginning on page 6, state *concisely* every legal ground for your claim that you are being unlawfully restrained, and then briefly summarize the facts supporting each ground. You must present each ground on the form application and a brief summary of the facts. *If your grounds and brief summary of the facts have not been presented on the form application, the Court will not consider your grounds.* If you have more than four grounds, use pages 14 and 15 of the form, which you may copy as many times as needed to give you a separate page for each ground, with each ground numbered in sequence. The recitation of the facts supporting each ground must be no longer than the two pages provided for the ground in the form.

You may include with the form a memorandum of law if you want to present legal authorities, but the Court will *not* consider grounds for relief set out in a memorandum of law that were not raised on the form. The citations and argument must be in a memorandum that complies with Texas Rule of Appellate Procedure 73 and does not exceed 15,000 words if computer-generated or 50 pages if not. If you are challenging the validity of your conviction, please include a summary of the facts pertaining to your offense and trial in your memorandum.

5

Rev. 01/14/14

**GROUND ONE:**

False Police Report

**FACTS SUPPORTING GROUND ONE:**

Petitioner alleges that Waco Police department violated the United States Constitution when it charged him with a date of birth in a year that does not exist

Due process requires that a convicted person not be sentenced on "materially untrue" assumptions or misinformation"

6

Rev. 01/14/14

7

Rev. 01/14/14

GROUND TWO:

NO Evidence

FACTS SUPPORTING GROUND TWO:

Petitioner alleges that district attorney Abelino Abel Reyna violated the United States Constitution when he charged him with a offense on a date and proceeding came on to be heard on a date that does not exist where there was no evidence showing the date of commission of an offense.

8

Rev. 01/14/14

Rev. 01/14/14

**GROUND THREE:**

Ineffective Assistance of Counsel

**FACTS SUPPORTING GROUND THREE:**

Petitioner alleges that appellate attorney Denton Denny B. Lessman violated the United States Constitution when he charged him with a offense on a date in a penal code that does not exist

10

11

GROUND FOUR:

_____

_____

FACTS SUPPORTING GROUND FOUR:

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

12

Rev. 01/14/14

**GROUND:**

_____

_____

**FACTS SUPPORTING GROUND:**

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

14

Rev. 01/14/14

15

Rev. 01/14/14

**WHEREFORE, APPLICANT PRAYS THAT THE COURT GRANT APPLICANT RELIEF TO WHICH HE MAY BE ENTITLED IN THIS PROCEEDING.**

## VERIFICATION

This application must be verified or it will be dismissed for non-compliance. For verification purposes, an applicant is a person filing the application on his or her own behalf. A petitioner is a person filing the application on behalf of an applicant, for example, an applicant's attorney. An inmate is a person who is in custody.

The inmate applicant must sign either the "Oath Before a Notary Public" before a notary public or the "Inmate's Declaration" without a notary public. If the inmate is represented by a licensed attorney, the attorney may sign the "Oath Before a Notary Public" as petitioner and then complete "Petitioner's Information." A non-inmate applicant must sign the "Oath Before a Notary Public" before a notary public unless he is represented by a licensed attorney, in which case the attorney may sign the verification as petitioner.

A non-inmate non-attorney petitioner must sign the "Oath Before a Notary Public" before a notary public and must also complete "Petitioner's Information." An inmate petitioner must sign either the "Oath Before a Notary Public" before a notary public or the "Inmate's Declaration" without a notary public and must also complete the appropriate "Petitioner's Information."

### OATH BEFORE A NOTARY PUBLIC

STATE OF TEXAS

COUNTY OF _____

_____, being duly sworn, under oath says: "I am the applicant / petitioner (circle one) in this action and know the contents of the above application for a writ of habeas corpus and, according to my belief, the facts stated in the application are true."

_____
Signature of Applicant / Petitioner (circle one)

SUBSCRIBED AND SWORN TO BEFORE ME THIS _____ DAY OF _____, 20_____.

_____
Signature of Notary Public

16

Rev. 01/14/14

## PETITIONER'S INFORMATION

Petitioner's printed name: _____

State bar number, if applicable: _____

Address: _____

_____

_____

Telephone: _____

Fax: _____

## INMATE'S DECLARATION

I, _Marco Gonzalez_, am the applicant / petitioner (circle one) and being presently incarcerated in _James v. Allred Unit_, declare under penalty of perjury that, according to my belief, the facts stated in the above application are true and correct.

Signed on _December 4_, 20_14_.

_Marco Medina_
Signature of Applicant / Petitioner (circle one)

17

## PETITIONER'S INFORMATION

Petitioner's printed name: _____

Address: _____

_____

_____

Telephone: _____

Fax: _____

Signed on _____, 20_____.

_____
Signature of Petitioner

18

# COURT OF CRIMINAL APPEALS OF TEXAS
## APPLICATION FOR A WRIT OF HABEAS CORPUS
## SEEKING RELIEF FROM FINAL FELONY CONVICTION
## UNDER CODE OF CRIMINAL PROCEDURE, ARTICLE 11.07

### INSTRUCTIONS

1. You must use the complete form, which begins on the following page, to file an application for a writ of habeas corpus seeking relief from a final felony conviction under Article 11.07 of the Code of Criminal Procedure. (This form is not for death-penalty cases, probated sentences which have not been revoked, or misdemeanors.)

2. The district clerk of the county in which you were convicted will make this form available to you, on request, without charge.

3. You must file the entire writ application form, including those sections that do not apply to you. If any pages are missing from the form, or if the questions have been renumbered or omitted, your entire application may be dismissed as non-compliant.

4. You must make a separate application on a separate form for each judgment of conviction you seek relief from. Even if the judgments were entered in the same court on the same day, you must make a separate application for each one.

5. Answer every item that applies to you on the form. Do not attach any additional pages for any item.

6. You must include all grounds for relief on the application form as provided by the instructions under item 17. You must also briefly summarize the facts of your claim on the application form as provided by the instructions under item 17. Each ground shall begin on a new page, and the recitation of the facts supporting the ground shall be no longer than the two pages provided for the claim in the form.

7. Legal citations and arguments may be made in a separate memorandum that complies with Texas Rule of Appellate Procedure 73 and does not exceed 15,000 words if computer-generated or 50 pages if not.

8. You must verify the application by signing either the Oath Before Notary Public or the Inmate's Declaration, which are at the end of this form on pages 11 and 12. You may be prosecuted and convicted for aggravated perjury if you make any false statement of a material fact in this application.

9. When the application is fully completed, mail the original to the district clerk of the county of conviction. Keep a copy of the application for your records.

10. You must notify the district clerk of the county of conviction of any change in address after you have filed your application.

Rev. 01/14/14

Marco Polo Medina-Gonzalez
TDCJ-ID No. # 1907021
James V. Allred Unit
2101 F M 369 North
Iowa Park, Texas 76367

S



Hon. Karen C. Matkin
District Clerk, Mclennan County
P.O. Box 2451
Waco, Texas 76703-2451

CAUSE NO. 10-13-00394-CR
2012-2077-C2A

EX PARTE

IN THE 54TH JUDICIAL

DISTRICT COURT OF

MARCO POLO MEDINA GONZALEZ

MCLENNAN COUNTY, TEXAS

Petitioner

PETITIONER GONZALEZ APPLICATION FOR A WRIT

OF HABEAS CORPUS SEEKING RELIEF FROM FINAL FELONY

CONVICTION UNDER CODE OF CRIMINAL PROCEDURE ARTICLE

11.07

FILED 2014 DEC 11 AM 8:35 KAREN C. MATKIN DISTRICT CLERK MCLENNAN CO. TX

TO THE HONORABLE JUDGE OF SAID COURT:

Comes Now Marco Polo Medina Gonzalez hereinafter referred to as the Petitioner in pro se capacity and respectfully files this his Application for a Writ of Habeas Corpus Seeking Relief from Final Felony Conviction under Code of Criminal Procedure Article 11.07. In support thereof, Petitioner would show unto the Court as follows:

I.

STATEMENT REGARDING JURISDICTION

The Court has Jurisdiction over the subject matter and the parties pursuant to § 3 (b) art. 11.07, see also In Re Piper 105 S. W. 3d 107, 111 ( Tex. App. Waco 2003, no pet ).


160243541

## II
## STATEMENT REGARDING ORAL ARGUMENT

Pursuant to Fed. R. App. P. 34 (A) (2) (C), oral argument should be denied because the facts and legal arguments are adequately presented in the application and record and the decisional process would not be significantly aided by oral argument. Klamath Water Users Ass'n v. F.E.R.C. 534 F. 3d 735 (D. C. cir. 2008).

On January 21, 2014 Petitioner was served with a Prosecution Disposition Report showing that his date of birth is February 11, 1983. On October 20, 2014 Waco Police department responded responded to on January 21, 2014 Petitioner was served with a Prosecution Disposition Report showing that his date of birth is February 11, 1983 by serving Petitioner with a police report showing that his date of birth is February 11, 1985, thereby waiving any objection to on January 21, 2014 Petitioner was served with a Prosecution Disposition Report showing that his date of birth is February 11, 1983 and service of process. Compare Long v. Mc Cotter 792 F. 2d 1338, 1345 (5th cir. 1986) ("we ordinarily do not consider issues that have not been presented to the court of first instance"); Nte Aviation Ltd. v. Lict (1974) Ltd 561 F. Supp. 2d 687 (E. D. Tex 2007) (it did not have agent for service of process in Texas).

On January 21, 2014 Gonzalez complains that district attorney Abelino Abel Reyna violated the United States Constitution when he arbitrarily allowed him to be served with a prosecution disposition report without a

hearing and asserts that the Court must hold district attorney Abelino Abel Reyna in direct contempt for refusing to produce document showing that he could not have been convicted of aggravated kidnapping where the prosecution disposition report was sent errantly addressed to February 11, 1985 rather that addressed to February 11, 1983, Compare Yeary v. Owen, U.S.D.C. (W.D.Tex.) Case No. 1:11-cv-00768-LY (Condition X cannot be imposed on a prisoner prior to release or on a parolee if they have no sex offense conviction, without a hearing first being held that affords due process protections similar to those in a parole revocation hearing); U.S. v. Fishman, 726 F. 2d 125, 126-28 (4th cir. 1983) (Physican properly held in contempt for refusing to produce subpoenaed documents when either authentication would be done by others or used immunity would be granted); Gov't Code § 82.061 (attorney may be fined or imprisoned for misbehavior or contempt of court); Bridgman v. Array Sys. Corp, 325 F. 3d 572, 575 (5th cir. 2003) ([E]ven where the parties have not raised the issue, it is our duty to raise it sua sponte).

The cause for these violations are easily surmounted in this case. Amadeo v. Zant, 486 U.S. 214 (1988) (concluding that the belated discovery of relevant evidence by the defense resulting from the prosecutions intentionally suppression of such evidence was cause). Waco Police department, by its own admission purposefully did not inform Gonzalez of the fact of its

4

Knowledge that sending him a police report was improper because its attempt to prove by a preponderance of the evidence that Gonzalez was served with a police report raises a sufficient appearance of a conflict of interest between his opinion and Gonzalez opinion that he was not served with a police report due to the fact that there is fatal variance where the date of birth was alleged in the police report to be February 11, 1985 and proof showed it to be February 11, 1983 and there was no evidence date of birth was known by both February 11, 1985 and February 11, 1983 before the police report was sent in which it had personal knowledge of these disputed evidentiery facts in the office of Waco Police department. Compare <u>U.S.</u> v. <u>Wilson</u> 322 F. 3d 352 ( 5th cir. 2003) ( district court clearly erred in finding that the Government had established by a preponderance of the evidence that the November 24, 1993 letter was sent ); <u>Buenoano v. Singletery</u>, 963 F. 2d 1433 ( 9th cir. 1992) ( Buenoano alleges that her attorney Johnston was burdened by a conflict of interest arising out of a book and movie contract entered into by Johnston, his wife, and Buenoane.); <u>cf Coastal Transport co. v. Crown Central Petroleum Corp</u> 136 s.w. 3d 227, 231 - 33 ( Tex. 2004) ( opinion constituted no evidence because it was too conclusory).

When a new factual or legal issue is raised for the first time on appeal, plain error occurs where the Courts failure to consider the question results in manifest injustice. <u>United States</u>

v. Lopez, 723 F. 2d 47, 50 (5th cir.), cert. denied, U.S. — 111 S. Ct. 2032 114 L. ed. 2d 117 (1991). A manifest injustice might result if the Court did not remand for an evidentiary hearing on whether Waco Police department erred in finding that Gonzalez was served with a police report because it was operating under a conflict of interest. Compare U.S. v. Santiga, 993 F. 2d 504, 507 (5th cir. 1993) ( Petitioner entitled to raise conflict of interest on appeal in order to prevent manifest injustice ); Calage, 544 F. 2d at 302 ( The Court should reopen to add evidence on its own initiative only to prevent injustice and only if the evidence is readily available ).

The record makes it abundantly clear and Waco Police department does not dispute that the Court must take Judicial notice that it altered the police report concerning Gonzalez date of birth. Compare Estrada v. State, 313 S. W. 3d 274 ( Tex. crim App. 2010 )( The Court of Criminal Appeals took Judicial notice of the fact that, effective September 1, 2005 the TDCJ had changed its regulations to specify that the lowest classification level for a prisoner serving life without parole was G-3 );
Good v. Curtis, 601 F. 3d 398, 399 ( 5th cir. 2010 )( cognizable § 1983 claim under 14th Amendment when officer altered photographic lineup to obtain false identification ).

## III
## JUDICIAL NOTICE

A Judicially noticed fact must be one not

6

subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. Fed. R. Evid 201.

"Despite the breadth of Fed. R. Evid 201, there are circumstances under which it is improper for the district court to take judicial notice after the verdict, such as where unfairness results." See Group One Ltd v. Hallmark Cards, 407 F. 3d 1297, 1306 (Fed. cir. 2005). "Adjudicative facts are 'facts that normally go to the jury in a jury case. They relate to the parties, their activities, their properties, their businesses. By contrast, legislative facts do not relate specifically to the activities or characteristics of the litigants. A court generally relies upon legislative facts when it purports to develop a particular law or policy and thus considers materials wholly unrelated to the activities of the parties. See also O'Toole v. Northrop Grumman Corp. 499 F. 3d 1218, 1224 (10th cir. 2007).

Gonzalez ask the Court to take judicial notice that serving him with a police report is initially invalid but that remains in effect unless terminated by court order and invites the Court to resort to the following facts and circumstances. See also United States v. Croft, 750 F. 2d 1354 (7th cir. 1984) (a professor who used the services of a research assistant hired and paid for out of his grant from the Environmental Protection

7

Agency, to perform work for him on a private research contract unrelated to his F. P. A. grant).

For example, Waco Police department has abandoned its argument that Gonzalez date of birth is February 11, 1985.

Waco Police department was required by Rule 28 of the Federal Rules of Appellate Procedure to brief its argument that Gonzalez date of birth is February 11, 1985, along with citations in the record supporting its arguments. Fed. R. App. P. 28 (a). see also Arsement v. Spinnaker, Expl. Co. 400 F. 3d 238, 245 (5th Cir, 2005) (claim or issue not included in pretrial order is waived unless presented at trial without objection). However, Waco Police department police report addresses only issues concerning February 11, 1983. Further, Waco Police department concedes that the issues raised in its police department are ' issues not raised in a previous police report. Engle v. Isaac, 456 U.S. 107 (1982) ("It is arguable, however, that failure to raise an issue in a lower court squarely foreclosed by a higher courts precedent would constitute cause").

While Waco Police department police report addressed the date of birth issues at lenght, its police report to this Court fails to assert that Gonzalez date of birth is February 11, 1985 and cites no facts or authorities supporting that conclusion. Therefore, Waco Police department has abandoned its argument that Gonzalez date of birth is February 11, 1983 by failing to address those issues in the

8

body of its police report. Compare Arenson v. Southern Univ. Law Ctr., 43 F. 3d 194, 196 (5th cir. 1995) ( some courts have held, however, that if the movant did not raise the issue at either the district court of the appellate level, the new trial issue will be treated as abandoned ), Cabioni v. Gen. Motors Corp. 398 F. 3d 357, 366 ( 5th cir. 2005 ) ( indicating that arguments raised for the first time at oral argument are waived ).

Gonzalez ask the Court to take Judicial notice that Waco Police department must be charged a crime under 18 U.S.C. § 1512 (a) (2) for conspiring with district attorney Abeline Abel Reynal to unlawfully imprison him and that while he was detained in the James v. Allred Unit Waco Police department participated in a scheme to imprison him by charging him with a date of birth in a year that does not exist and invites the Court to resort to the following facts and circumstances. Please refer to the attached documents, also Compare Cf. Giles v. Maryland, 386 U.S. 66 (1967) ( remanding to State courts for "reconsideration" of a Federal constitutional claim based on police reports first made part of the record in front of the United States Supreme Court ); Tex. R. Evid 803 (7) ( to prove nonoccurrence or nonexistence of evidence ).

For example, Gonzalez contends that Waco Police department charged him with date of birth in year 1985 under Fed. R. Civ. P. Rule 803 (9) which deals with date of birth in year 1983 not date of birth in year 1985. He asserts that because Waco Police department making a date of birth, it is a

9

violation of his due process rights to charge him with a date of birth in a year that does not exist. See also Krulewitch v. United States 336 U.S. 440 (1949)( whatever original conspiracy may have existed between petitioner and his alleged coconspirator to cause the complaining witness to go to Florida in October 1941 no longer existed when the reported conversation took place in December 1941 ).

Gonzalez ask the Court to take Judicial notice that district attorney Abelino Abel Reyna must be charged with a crime under 18 U.S.C. § 1512 (a)(2) for conspiring with trial and appellate attorney Denton "Denny" B. Lessman to unlawfully imprison him and that while he was detained at the James v. Allred Unit district attorney Abelino Abel Reyna participated in a scheme to imprison him by charging him with a offense on a date and proceeding came on to be heard on a date that does not exist where there was no evidence showing the date of commission of an offense and invites the court to resort to the following facts and circumstances. Please refer to the attached documents. Also compare State v. Christiansen, 329 N.W. 2d 352 at 353, 110 Wis. 2d 538 (1983) ( "where the offense charged does not exist, the trial court lacks Jurisdiction"); U.S. v. Sanchez , 615 F. 3d 836, 845 ( 7th cir. 2010 )( prosecution's failure to prove beyond a reasonable doubt that defendant kidnapped victim because of her testimony against an associate required reversal of conviction for retaliating against a witness ); EX parte Barfield, 697 S. W. 2d 420 ( Tex. crim App. 1985 )( Judgment set aside

where there was no evidence showing date of commission of second prior felony alleged for enhancement as required by statute ); Tex. R. Evid 803 (7)( to prove nonoccurrence or nonexistence of evidence ).

For example, Gonzalez contends that district attorney Abelino Abel Reyna charged him with aggravated kidnapping on Wednesday September 28, 2012 and proceeding came on to be heard on Saturday October 30, 2013 under Penal Code § 20.04 which deals with Friday September 28, 2012 and Friday October 30, 2013 not Wednesday September 28, 2012 and Saturday October 30, 2013. He asserts that because district attorney Abelino Abel Reyna has no penal code making aggravated kidnapping a crime, it is a violation of his due process rights to charge him with a offense on a date and proceeding came on to be heard on a date that does not exist. see also Norton v. Liddell, 620 F. 2d 1375 (1980)( Prosecutor may knowingly file charges against innocent persons for a crime that never occurred ).

Gonzalez relies primarily on French v. Estelle, 692 F. 2d 1021 (1982) in connection with this case. In French, at the sentencing phase of the petitioner's trial, the State attempted to punish him as an habitual offender under section 12.42 (d). The State introduced into evidence two pen packets from the Texas Department of Corrections. The pen packets revealed that the petitioner had been sentenced on November 25, 1964, for theft of over $ 50.00 and sentenced on November 9, 1966, also for theft of over $ 50.00.

11

While these exhibits showed the respective dates on which the two convictions had been obtained, neither exhibit specified the date on which the petitioner had committed the offense that led to the second conviction. No other evidence was presented to the Jury showing the date on which the second offense occurred.

Gonzalez ask the Court to take Judicial notice that appellate attorney Denton Denny B. Lessman must be charged with a crime under 18 U.S.C. § 1512 (a)(2) for conspiring with district attorney Abelino Abel Reyna to unlawfully imprison him and that while he was detained at the James V. Alred Unit appellate attorney Denton Denny B. Lessman participated in a scheme to imprison him by charging him with a offense on a date in a penal code that does not exist and invites the court to resort to the following facts and circumstances. Please refer to the attached document. also compare EX parte Siebold, 100 U.S. 371, 376, 25 L.ed. 717 (1880)( conviction obtained under an unconstitutional statute); Tex. R. Evid 803 (7)( to prove nonoccurence or nonexistence of evidence).

For example, Gonzalez contends that appellate attorney Denton Denny B. Lessman charged him with aggravated kidnapping on Wednesday September 28, 2012 in art. 36.19 under Penal Code § 20.04 which deals with Friday September 28, 2012 not Wednesday September 28, 2012 and art 36.19. He asserts that because appellate attorney Denton Denny B. Lessman has no penal code making aggravated kidnapping a crime, it is a violation of his

12

due process rights to charge him with a offense on a date in a penal code that does not exist. see also <u>Hernandez</u> v. <u>Estelle</u>, 674 F. 2d 512 (5th cir. 1981) ( And where the State conceals a material witness whose testimony is shown to create a reasonable doubt of guilt that did not otherwise exist, there is also a deprivation of due process ).

Rule 11 (b) (2) of the Federal Rules of Civil Procedure provides that an attorney represents that " the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification or reversal of existing law or the establishment of new law. <u>Luitrum Ltd Inc</u>. v. <u>Axcess Broadcasting Services Inc</u>. 128 F. 3d 872, 883 ( 5th cir. 1997 ). Because appellate attorney Denton Denny B. Lessman is unable on the particular facts of this case to make plausible arguments that Gonzalez was charged with the offense aggravated kidnapping on Wednesday September 28, 2012 pursuant to art. 36.19, he is ethically bound to submit these confessions of errors. see <u>U.S.</u> v. <u>Dillon</u> 532 F. 3d 379 ( 5th cir. 2008 ) ( attorney defendant should be charged with depriving individuals of their civil rights under color of law in violation of 18 U.S.C. § 242 ).

Any review of habeas due process claims based on improper admission of evidence must be cognizant of the Supreme Courts' mandate that " it is not the province of a Federal habeas court to reexamine state - court determinations on state-law questions

13

_Estelle v. McGuire_, 502 U.S. 62, 68 112 S.C.t. 47.5, 116 L.ed. 2d 385 (1991). Under this very deferential standard, due process is violated, and thus habeas relief warranted, only if an evidentiary ruling is "so egregious that it results in a denial of fundamental fairness." _Bugh_, 329 F. 3d at 512 (6th cir. 2000). "Whether the admission of prejudicial evidence constitutes a denial of fundamental fairness turns upon whether the evidence is material in the sense of a crucial, critical highly significant factor." _Brown v. O'Dea_, 227 F. 3d 642, 645 (6th cir. 2000).

It is not unreasonable to conclude, therefore, that these pieces of physical evidence substantially prejudiced the outcome of Gonzalez trial, even in light of other circumstantial evidence against him.

The essential elements for a claim of false imprisonment are: (1) willful detention; (2) without consent, and (3) without authority of law. _Sears Roebuck & Co. v. Castillo_, 693 S.W. 2d 374, 375 (Tex. 1985). Generally liability extends to anyone who directs or participates in the detention. _Cronen v. Nix_, 611 S.W. 2d 651, 653 (Tex. App. Houston [1st Dist] 1980, writ ref'd n. r. e), cert. denied, 434 U.S. 633 102 S.C.t. 132 74 L.ed. 2d 112 (1981). And discussed more fully, liability for false imprisonment in this case is dependent on the nature and degree of participation by district attorney Abelino Abel Reyna in deciding whether liability may be imposed. see _Ceballos v. Garcetti_, 361 F. 3d 1168, 1154 (9th cir. 2004) ( county district attorney not immune under 14th Amendment because his actions

were administrative, rather than prosecuterial in nature, and were therefore on behalf of county rather than state). See also <u>Leon's shoe Store Inc. v. Hornsby</u>, 306 S.W. 2d 402, 410 ( Tex. civ. Waco 1957 no writ). In Hornsby, a credit managers lack of full disclosure of facts disproving check forgery led to the plaintiff's false arrest and imprisonment. The Store was held liable for damages for failing to inform police an employee recognized the plaintiff as who she claimed to be. Id

## CONCLUSION

In conclusion, Petitioner can only rely on the courts integrity in this matter and respectfully pray that the Court set this Application for writ of habeas Corpus for an evidentiary hearing and enter an order directing that Petitioner be discharged from further confinement.

For example, where the petitioner establishes a colorable claim for relief and has never been afforded a State or Federal hearing on this claim, we must remand to the district court for an evidentiary hearing, citing <u>Standewitz v. Woodford</u> 365 F. 3d 706; 708 ( 9th cir. 2004),

## CERTIFICATE OF SERVICE

I, Marco Polo Medina - Gonzalez do hereby certify that a true and correct copy of the above and foregoing Application for a Writ of Habeas Corpus has been served by placing same in the United States Mail on this the 4 day of December, 2014, Addressed to:

Hon. Karen C. Matkin

District Clerk, Mclennan County

P. O. Box 2451

Waco, Texas 76703-2451

*Marco Medina*

TDCJ-ID No.# 1907021

James v. Allred Unit

2101 FM 369 North

Iowa Park, Texas 76367

THE CRIMINAL DISTRICT ATTORNEY
McLENNAN COUNTY, TEXAS
219 North 6th Street, Suite 200
Waco, Texas 76701
Phone - (254) 757-5084
Fax - (254) 757-5021

January 21, 2014                    Abelino "Abel" Reyna
Disposition #5                     Criminal District Attorney

## PROSECUTION DISPOSITION REPORT

TO:     McLennan County Sheriff's Department

Concerning:    **MEDINA-GONZALEZ, MARCO POLO**

| | |
|---|---|
| CID#: | 161728 |
| SID/DPS # | 50149684/50149684 |
| Race: | H |
| Sex: | M |
| D.O.B.: | 2/11/1983 |

| | |
|---|---|
| Magistrate: | |
| Warrant/Order#: | INSTANTER |
| Booking #: | 862233 |
| Bondsman: | IN JAIL |
| Offense at Arrest: | AGGRAVATED ROBBERY |
| Date of Arrest: | 9/28/2012 |
| Officer | PRICE |
| Police Agency: | WACO POLICE DEPARTMENT |
| Agency Case #: | WPD 12-20623 |

Disposition:    **CONVICTION**

| | |
|---|---|
| Date: | 10/30/2013 |
| Cause #: | 2012-2077-C2 |
| Court: | 54th JUDICIAL |
| Judge: | M JOHNSON |
| Jury: | Yes |
| Plea: | Not Guilty |
| Finding: | GUILTY |
| Offense: | AGGRAVATED ROBBERY-COUNT II |
| Sentence: | 80 YEARS TDCJID |
| Fine: | 0 |
| Comm. Supervision: | |

**Narrative**

several other assisting officers.



I was advised that a 4-door, red in color Toyota sedan bearing TXLP ~~████████~~had been seen by a witness leaving the Super Plaza after an aggravated robbery. The vehicle was occupied 3 times. I now know the driver to be HM MARCO MEDINA D.O.B. 02-11-1985 and the 2 passengers to be HM JOSEAS CHAVEZ D.O.B. 06-27-1992 and HM JULIO MEDINA D.O.B. 12-14-1987.

Officers responding to the aggravated robbery caught up to the vehicle and a pursuit ensued. The vehicle crashed at the intersection of Bosque Blvd. and E. Brookview and all 3 suspects were apprehended.

Officers requested I document what the suspects were wearing and collect evidence from inside of the vehicle to include several firearms.

I first observed JOSEAS CHAVEZ in a neck brace seated inside of an ETMC ambulance. I observed him wearing a long sleeved camouflage thermal shirt and pants, with boots and N-tech black and grey gloves. The wrist and ankle areas on his clothing had tapped wrapped out them. Mr. Chavez had a bleeding injury on his chin during the time that I was on scene with him.

I then observed MARCO MEDINA. He was on a stretcher being loaded into an ETMC ambulance. He was clothed in a yellow shirt, khaki pants and a pair of black boots.

Lastly, I made contact with JULIO MEDINA. He was clothed in a black muscle shirt, a pair of camouflage pants and a pair of black boots.

I observed the vehicle to be on the west side of E. Brookview in the grass and collided with a tree. There was extensive front end damage to the vehicle and both front airbags had deployed.

On the street on E. Brookview, I observed there to be several pairs of zip ties and a camouflage jacket.

Digital photographs were taken of the suspects and of the scene as found upon my arrival.

As I was photographing the vehicle, I observed a white envelope with the number 4 circled on one of the corners. Inside of this envelope were several small dark colored plastic bags. I released these items to Officer Price who field tested them for cocaine. The field test was positive. I was advised that the cocaine was going to be tagged under case number 12-20627.

Officers went through the vehicle after my initial photographs and located 3 firearms, a stun gun, body armor, and numerous disguises and binding materials. I collected the following items of evidence in reference to this case:

EX #1: COLLECTED AT 0120 HOURS FROM OFFICER BUCHER, 6-9X19 S&B BULLETS, TAKEN OFF OF MARCO MEDINA'S PERSON
EX #2: COLLECTED AT 0120 HOURS FROM OFFICER BUCHER, 1-WALLET WITH CONTENTS, TAKEN OFF OF MARCO MEDINA'S PERSON
EX #3: COLLECTED AT 0130 HOURS FROM THE ROADWAY ON E. BROOKVIEW, 8-PAIRS OF PLASTIC ZIP-TIES
EX #4: COLLECTED AT 0131 HOURS FROM THE ROADWAY ON E. BROOKVIEW, 1-CAMOUFLAGE JACKET
EX #5: COLLECTED AT 0139 HOURS FROM FRONT PASSENGER SEAT OF SUSPECT VEHICLE, 1-BLACK STUN GUN

EX #6: COLLECTED AT 0142 HOURS FROM THE BACK PASSENGER SIDE SEAT AREA OF SUSPECT VEHICLE, 1-PARS INTERNATIONAL 7.62X39 SEMI-AUTOMATIC RIFLE WITH BANANA CLIP SERIAL #ES23491 AND 7.62X39 AMMUNITION
EX #7: COLLECTED AT 0144 HOURS FROM THE FRONT PASSENGER SEAT OF THE SUSPECT VEHICLE BETWEEN THE SEAT AND THE DOOR, 1-SPRINGFIELD XD40 40 CALIBER PISTOL WITH MAGAZINE SERIAL #US468946 AND 9X19 S&B AMMUNTION
EX #8: COLLECTED AT 0146 HOURS FROM THE FRONT PASSENGER FLOORBOARD OF THE SUSPECT VEHICLE, 1-COBRAY M11 9MM PISTOL SERIAL #89-0002882
EX #9: COLLECTED AT 0204 HOURS FROM THE FRONT PASSENGER SEAT AREA, 1-SOFT BODY ARMOR, CARRIER AND 2 METAL PLATES SERIAL #01159958

| Report Officer | Printed At | |
|---|---|---|
| YOUNGA/YOUNG, ASHLEY | 10/20/2014 11:26 | Page 2 of 3 |